UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| BRENT ELI MORRIS, | Case No. 3:15-cv-00277-RCJ-WGC |
| Petitioner, | ORDER |
| v. | |
| DWIGHT NEVEN, | |
| Respondents. | |

Petitioner Brent Eli Morris' *pro se* habeas petition is before the court for a decision on the merits (ECF No. 2).

I.   **Procedural History and Factual Background**

A jury convicted Morris of two felony counts of commission of a fraudulent act in a gaming establishment and four gross misdemeanor counts of entry of a gaming establishment by an excluded person (Exhibit 7A).[1] The state district court sentenced him on the four misdemeanor counts to four concurrent terms of 12 months in the Clark County Detention Center. *Id.* The court adjudicated Morris a habitual criminal for the felony counts and sentenced him to two concurrent terms of 8-20 years, concurrent with the misdemeanor sentences. *Id.* Judgment of conviction was filed on July 7, 2011. *Id.*

Morris states that he was housed at Warm Springs Correctional Center (WSCC) when he received a notice of charges on May 7, 2014 (ECF No. 2, p. 3; exhs. 7B, 7F). WSCC personnel suspected that Morris was communicating with inmates at other

---

[1] Exhibits referenced in this order are exhibits to respondents' answer, ECF No. 7, and are found at ECF Nos. 8-9.

1

Nevada Department of Corrections (NDOC) facilities and had received payments for providing legal services. Morris was charged with G14: failure to follow rules and regulations; MJ31: unauthorized use of equipment or mail; and MJ29: fees for legal services. *Id.* At the preliminary inquiry the same day, Morris stated that he was not guilty of the charges. Exh. 7C.

On May 31, 2014, prison personnel conducted a formal disciplinary hearing. *See* Exhs. 7D, 7F. At the disciplinary hearing, evidence was presented that Cali Phan, sister of inmate Huy Phan, had sent JPay letters to Morris on January 31, February 21, and February 28, 2014. *See* exh. 7F (part 1). Each letter only included one word: the first letter said "hi," the second said "thanks," and the third said "thanks." *Id.* Corresponding deposits were made to Morris's accounts on those dates in the amounts of $300, $60, and $200. *Id.* Reports from law library staff indicated that on February 9, February 11, and March 3, 2014, legal mail was sent by Huy Phan with assistance from Morris. *Id.* Morris denied receiving payment for legal work, but asserted that Cali Phan had sent him the payments in exchange for jewelry he sold to her. *Id.* Morris was found guilty of two of the charged counts—MJ31 and MJ29—and was sentenced to 18 months of disciplinary segregation and referred for a loss of 180 days of statutory credits. Exhs. 7Dk, 7F. The NDOC approved the forfeiture and deducted 180 days of statutory credits. Exh. 7E.

On July 31, 2014, Morris filed a petition for a writ of habeas corpus in the state district court, Exh. 3. The court denied the petition. Exh. 11. The Nevada Court of Appeals affirmed the denial of his petition on April 14, 2015, and remittitur issued on May 12, 2015. Exhs. 24, 25.

On May 18, 2015, Morris mailed his federal petition for a writ of habeas corpus to this court (ECF No. 2). Respondents answered the petition, and Morris replied (ECF Nos. 7, 11).

## II. Legal Standards

### a. Antiterrorism and Effective Death Penalty Act (AEDPA)

28 U.S.C. § 2254(d), a provision of the Antiterrorism and Effective Death Penalty Act (AEDPA), provides the legal standards for this court's consideration of the petition in this case:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim –
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

The AEDPA "modified a federal habeas court's role in reviewing state prisoner applications in order to prevent federal habeas 'retrials' and to ensure that state-court convictions are given effect to the extent possible under law." *Bell v. Cone*, 535 U.S. 685, 693-694 (2002). This court's ability to grant a writ is limited to cases where "there is no possibility fair-minded jurists could disagree that the state court's decision conflicts with [Supreme Court] precedents." *Harrington v. Richter*, 562 U.S. 86 (2011). The Supreme Court has emphasized "that even a strong case for relief does not mean the state court's contrary conclusion was unreasonable." *Id.* (citing *Lockyer v. Andrade*, 538 U.S. 63, 75 (2003)); *see also Cullen v. Pinholster*, 563 U.S. 170, 131 S.Ct. 1388, 1398 (2011) (describing the AEDPA standard as "a difficult to meet and highly deferential standard for evaluating state-court rulings, which demands that state-court decisions be given the benefit of the doubt") (internal quotation marks and citations omitted).

3

A state court decision is contrary to clearly established Supreme Court precedent, within the meaning of 28 U.S.C. § 2254, "if the state court applies a rule that contradicts the governing law set forth in [the Supreme Court's] cases" or "if the state court confronts a set of facts that are materially indistinguishable from a decision of [the Supreme Court] and nevertheless arrives at a result different from [the Supreme Court's] precedent." *Lockyer v. Andrade*, 538 U.S. 63 (2003) (quoting *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000), and citing *Bell v. Cone*, 535 U.S. 685, 694 (2002).

A state court decision is an unreasonable application of clearly established Supreme Court precedent, within the meaning of 28 U.S.C. § 2254(d), "if the state court identifies the correct governing legal principle from [the Supreme Court's] decisions but unreasonably applies that principle to the facts of the prisoner's case." *Andrade*, 538 U.S. at 74 (quoting *Williams*, 529 U.S. at 413). The "unreasonable application" clause requires the state court decision to be more than incorrect or erroneous; the state court's application of clearly established law must be objectively unreasonable. *Id.* (quoting *Williams*, 529 U.S. at 409).

In determining whether a state court decision is contrary to federal law, this court looks to the state courts' last reasoned decision. *See Ylst v. Nunnemaker*, 501 U.S. 797, 803-04 (1991); *Shackleford v. Hubbard*, 234 F.3d 1072, 1079 n.2 (9th Cir. 2000). Further, "a determination of a factual issue made by a state court shall be presumed to be correct," and the petitioner "shall have the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1).

### b. Claims Cognizable in Federal Habeas Corpus

A state prisoner is entitled to federal habeas relief only if he is being held in custody in violation of the constitution, laws or treaties of the United States. 28 U.S.C. § 2254(a). That is, a writ of habeas corpus is the appropriate remedy only when a petitioner is challenging the fact or the length of his confinement. *Preiser v. Rodriguez*, 411 U.S. 475, 487-89 (1973). "[H]abeas jurisdiction is absent, and a § 1983 action

proper, where a successful challenge to a prison condition will not necessarily shorten the prisoner's sentence." *Ramirez v. Galaza*, 334 F.3d 850, 859 (9th Cir. 2003). Thus, a challenge to placement in segregated housing that precludes the earning of credits fails to raise a federally cognizable claim. *Id.*; *Preiser*, 411 U.S. at 487-489; *see also Burton v. Adams*, 415 F. App'x 816, 817 (9th Cir. 2011).

### III. Instant Petition

In his petition, Morris claims that the disciplinary proceedings violated his constitutional rights because (1) he did not receive timely notice of the charges, (2) there was no evidence to show that he was guilty, (3) the hearing officer refused to call witnesses to testify in his defense, and (4) the punishment for his violation amounts to cruel and unusual punishment (ECF No. 2).

Respondents are correct that Morris's claims are only cognizable in federal habeas corpus to the extent that he challenges the loss of 180 days of statutory credit. His placement in disciplinary segregation is not subject to challenge in a federal habeas petition. *See, e.g., Ramirez*, 334 F.3d at 859.

### Ground 1

Morris contends that he did not receive timely notice of the charges against him in violation of his Fifth and Fourteenth Amendment due process rights (ECF No. 2, pp. 3-5). Morris received the notice of charges on May 7, 2014, for an incident that occurred on March 11, 2014. *See* exh. 7B. He argues that NDOC Administrative Regulation (AR) 707 required that NDOC provide him with a notice of charges within ten days of the violation (ECF No. 2, p. 5).

Prisoners retain certain due process rights, though such rights are restricted by the nature of institutional confinement. *Wolff v. McDonnell*, 418 U.S. 539, 556 (1974). When a prisoner in state custody faces a disciplinary proceeding that may result in the loss of statutory good-time credits, procedural due process requires that the prisoner receive: "(1) advance written notice of the disciplinary charges; (2) an opportunity, when

consistent with institutional safety and correctional goals, to call witnesses and present documentary evidence in his defense; and (3) a written statement by the factfinder of the evidence relied on and the reasons for the disciplinary action." *Superintendent, Mass. Corr. Inst. v. Hill*, 472 U.S. 445, 454 (1985) (citing *Wolff*, 418 U.S. at 563-67). In addition, the disciplinary decision must be supported by at least "some evidence." *Hill*, 472 U.S. at 455.

The Nevada Court of Appeals affirmed the denial of this claim:

> First, Morris claimed that he did not receive timely notice of the disciplinary charges against him. Morris' claim lacked merit. Prison officials must provide notice of the disciplinary charges an inmate faces at least 24 hours before the disciplinary hearing. *Wolff*, 418 U.S. at 564. The evidence before the district court demonstrates that Morris received the notice of charges on May 7, 2014, and the hearing was conducted on May 31, 2014. Accordingly, Morris received the notice of charges at least 24 hours prior to the hearing. Therefore, the district court did not err in denying this claim.

Exh. 24, p. 2.

The Nevada Court of Appeals' adjudication of this claim was not unreasonable. Morris is correct that NDOC AR 707.1(2)(B)(2)(b) provides that a notice of charges should be provided within 10 calendar days "of the discovery of the violation, or...completion of the investigative work concerning the incident." *See* AR 707.1(2)(B)(2)(b). However, AR 707 also provides that this period may be extended, and an inmate is not entitled to any explanation for a delay in the disciplinary process. *Id.* AR 707.1(2)(B)(2)(c). The ARs expressly provide that the "procedures related to the conduct of the disciplinary process" are "solely for the purpose of providing guidance for employees" and that "[t]he failure of any employee of the Department to follow any procedure shall not result in any mandatory outcome, *e.g.*, dismissal of charges." AR 707.01(10).

Moreover, the Nevada Court of Appeals decision is silent with respect to the administrative regulations, because such regulations do not create due process rights. *See Hill*, 472 U.S. at 454. The court considered the relevant, limited due process rights

6

afforded prisoners with respect to disciplinary proceedings—here specifically the requirement that an inmate receive notice of the charges at least 24 hours in advance—and concluded that Morris' rights were not violated.

Morris has failed to demonstrate that the Nevada Court of Appeal's decision is contrary to, or involves an unreasonable application of, clearly established federal law, as determined by the U.S. Supreme Court, or was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding. 28 U.S.C. § 2254(d). Federal habeas relief is denied as to ground 1.

**Ground 2**

Morris asserts that his Fifth, Eighth, and Fourteenth Amendment due process rights were violated because no evidence was introduced at his disciplinary hearing to support the charges (ECF No. 2, pp. 7-9).

The state-court record reflects the following from the disciplinary hearing: the hearing officer noted for the record that Morris maintained his innocence of all charges and stated that he represented inmate Phan free of charge. Exhs. 7B-7E. The officer's report of the incidents stated that the mailroom officer saw an unusual JPay letter addressed to Morris from inmate Phan's sister. Officers began to monitor Morris' mail, and they discovered three letters from Phan's sister, each with a one-word message: "Hi," "Thanks," and "Thanks." A corrections officer found three deposits made by Phan's sister into Morris' account; the dates of the deposits corresponded with the date of each letter. A law library staff member also reported that Morris assisted inmate Phan with three legal filings, each dated shortly after a deposit was made. It was noted that Morris had previously been found guilty of unauthorized use of the mail and fees for legal service. *Id.*

Morris requested that Phan and Phan's sister testify at the disciplinary hearing. The hearing officer accepted the witnesses as relevant. Phan had been paroled, and the hearing officer deemed both witnesses to be unavailable on the basis that neither

witness was in NDOC custody. The hearing officer stipulated that both witnesses would support Morris' claim. The record reflects that Morris stated that he was not charging Phan to prepare legal work. Morris stated that Phan's sister deposited the funds to pay Morris for a piece of jewelry that he sold her. Based on the officer's report and the evidence provided, Morris was found guilty of unauthorized use of mail and fees for legal services; the hearing officer dismissed the charge for failure to follow rules and regulations as covered under the other charges. *Id.*

The state district court found that the evidence that the hearing officer relied on met the "some evidence" standard required under *Wolff*. Exh. 11, p. 5.

The Nevada Court of Appeals affirmed the state district court's denial of this claim:

> .... Morris claimed that there was insufficient evidence presented at the disciplinary hearing to support the disciplinary charges of unauthorized use of equipment or mail (MJ31) and charging fees for legal services (MJ29). Morris' claim lacked merit. The evidence presented at the disciplinary hearing established that Morris prepared legal documents for a fellow inmate for a fee and used the mail to facilitate payment for the legal services. Accordingly, there was some evidence provided at the hearing in support of the charges. *See Hill*, 472 U.S. at 455. Therefore, the district court did not err in denying this claim.

Exh. 24, pp. 2-3.

Morris has failed to demonstrate that the Nevada Court of Appeal's affirmance of the denial of this claim is contrary to, or involves an unreasonable application of, clearly established federal law, as determined by the U.S. Supreme Court, or was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding. 28 U.S.C. § 2254(d). Thus, federal habeas relief is denied as to ground 2.

**Ground 3**

Morris claims that his Fifth, Eighth and Fourteenth Amendment rights to due process were violated when the hearing officer refused to allow Morris to call the two witnesses in his defense (ECF No. 2, pp. 11-13).

Affirming the denial of this claim, the Nevada Court of Appeals explained:

> .... Morris claimed that the hearing officer improperly denied his request to call two witnesses at the disciplinary hearing. Morris' claim lacked merit. Prison officials have the discretion to keep a disciplinary hearing within reasonable limits and may properly decline to permit witness testimony for many reasons. *Wolff*, 418 U.S. at 566-67. Here, the disciplinary hearing officer concluded that the requested witnesses were unavailable to testify because neither person was within the Nevada Department of Corrections' custody. The disciplinary officer then accepted Morris' assertion that the witnesses would have supported Morris' position. Accordingly, Morris failed to demonstrate that his limited right to call witnesses was violated. *See id.* Therefore, the district court did not err in denying this claim.

Exh. 24, p. 3.

As set forth above, the hearing officer stipulated that the two unavailable witnesses would have supported Morris. Thus, Morris has failed to demonstrate that the Nevada Court of Appeal's affirmance of the denial of this claim is contrary to, or involves an unreasonable application of, clearly established federal law, as determined by the U.S. Supreme Court, or was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding. 28 U.S.C. § 2254(d). Federal habeas relief is therefore denied as to ground 3.

**Ground 4**

Morris asserts that his Fifth, Eighth and Fourteenth Amendment rights were violated because the revocation of 180 days of good-time credits constituted cruel and unusual punishment (ECF No. 2, pp. 15-17).

The Nevada Court of Appeals affirmed the denial of this claim:

> ....Morris claimed that placement in disciplinary segregation and revocation of 180 days of good-time credits violated his rights against cruel and unusual punishment. Morris failed to demonstrate that he was entitled to relief. A challenge to placement in disciplinary segregation is a challenge to the conditions of confinement and is not properly raised in a post-conviction petition for a writ of habeas corpus. *See Bowen v. Warden*, 100 Nev. 489, 490, 686 P.2d 250, 250 (1984). Morris failed to demonstrate that the revocation of good-time credits as a result of a disciplinary violation amounted to cruel and unusual punishment. *See Farmer v. Brennan*, 511 U.S. 825, 834 (1994) (explaining the test for when

9

> prison officials violate the Eighth Amendment prohibition against cruel and unusual punishment). Therefore, the district court properly denied relief for these claims.

Exh. 24, pp. 3-4.

Morris has failed to demonstrate that the Nevada Court of Appeal's affirmance of the denial of this claim is contrary to, or involves an unreasonable application of, clearly established federal law, as determined by the U.S. Supreme Court, or was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding. 28 U.S.C. § 2254(d). Moreover, in ground 4 Morris mainly re-argues his position that the disciplinary proceedings violated his due process rights. These claims are duplicative of the other grounds in the petition. Thus, the court denies federal habeas relief as to ground 4.

The petition is, accordingly, denied in its entirety.

## IV. Certificate of Appealability

This is a final order adverse to the petitioner. As such, Rule 11 of the Rules Governing Section 2254 Cases requires this court to issue or deny a certificate of appealability (COA). Accordingly, the court has *sua sponte* evaluated the claims within the petition for suitability for the issuance of a COA. *See* 28 U.S.C. § 2253(c); *Turner v. Calderon*, 281 F.3d 851, 864-65 (9th Cir. 2002).

Pursuant to 28 U.S.C. § 2253(c)(2), a COA may issue only when the petitioner "has made a substantial showing of the denial of a constitutional right." With respect to claims rejected on the merits, a petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (citing *Barefoot v. Estelle*, 463 U.S. 880, 893 & n.4 (1983)). For procedural rulings, a COA will issue only if reasonable jurists could debate (1) whether the petition states a valid claim of the denial of a constitutional right and (2) whether the court's procedural ruling was correct. *Id.*

Having reviewed its determinations and rulings in adjudicating Morris' petition, the court finds that none of those rulings meets the *Slack* standard. The court therefore declines to issue a certificate of appealability for its resolution of any of Morris' claims.

V.  **Conclusion**

**IT IS THEREFORE ORDERED** that the petition (ECF No. 2) is **DENIED** in its entirety.

**IT IS FURTHER ORDERED** that a certificate of appealability is **DENIED**.

**IT IS FURTHER ORDERED** that the Clerk shall enter judgment accordingly and close this case.

DATED: 18 September 2017.

_____
ROBERT C. JONES
UNITED STATES DISTRICT JUDGE